McGREGOR W. SCOTT
United States Attorney
ANGELA SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN CORTEZ-ROCHA,<br>JOSE LOZANO,<br> aka "Junior"<br>SADOL DIAZ-BELTRAN, and<br>RICARDO ZEPEDA-NAVARRO<br><br>Defendants. | CASE NO. 1:18-CR-00246-DAD-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT REGARDING DEFENDANT SADOL DIAZ; FINDINGS AND ORDER<br><br>CURRENT DATE: January 27, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STATUS REPORT**

Defendant SADOL DIAZ-BELTRAN ("defendant") was arraigned and released on the above-referenced case on December 10, 2018. Doc. 29. To the parties' knowledge, defendant has abided by the terms and conditions of his release.

The government has made a plea offer to defendant. The parties expect the case to resolve by way of plea agreement.

Defendant's co-defendants have either entered guilty pleas or have signed plea agreements with the government and are scheduled to enter guilty pleas in March 2021 and April 2021.

**STIPULATION**

This case is set for status conference on January 27, 2021. On May 13, 2020, this Court issued

1  General Order 618, which suspends all jury trials in the Eastern District of California until further

2  notice, and allows district judges to continue all criminal matters.  This and previous General Orders

3  were entered to address public health concerns related to COVID-19.

4  Although the General Orders address the district-wide health concern, the Supreme Court has

5  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

8  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

9  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11  or in writing").

12  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

14  justice continuances are excludable only if "the judge granted such continuance on the basis of his

15  findings that the ends of justice served by taking such action outweigh the best interest of the public and

16  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

17  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

18  the ends of justice served by the granting of such continuance outweigh the best interests of the public

19  and the defendant in a speedy trial." *Id.*

20  The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

21  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

25  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

26  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

27  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

28  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

1    In light of the societal context created by the foregoing, this Court should consider the following

2 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

4 for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5 pretrial continuance must be "specifically limited in time").

6                                        **STIPULATION**

7    Plaintiff United States of America, by and through its counsel of record, and defendant SADOL

8 DIAZ, by and through defendant's counsel of record, Roger Wilson, hereby stipulate as follows:

9    1.    By previous order, this matter was set for status on January 27, 2021.

10   2.    By this stipulation, defendants now move to continue the status conference until April 28,

11 2021, and to exclude time between January 27, 2021, and April 28, 2021, under Local Code T4.

12   3.    While the parties anticipate that the case will resolve without a trial, this is not yet a

13 certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties

14 agree and stipulate, and request that the Court find the following:

15        a)    The government has represented that the discovery associated with this case

16            includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many

17            of which are in a foreign language.  This discovery has been produced directly to counsel.

18        b)    Counsel for defendant desires additional time to consult with his client, to review

19            the current charges, to conduct investigation and research related to the charges, to review and

20            copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial

21            motions, and to otherwise prepare for trial.

22        c)    Counsel for defendant believes that failure to grant the above-requested

23            continuance would deny them the reasonable time necessary for effective preparation, taking into

24            account the exercise of due diligence.

25        d)    The government does not object to the continuance.

26        e)    Based on the above-stated findings, the ends of justice served by continuing the

27

28    [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   case as requested outweigh the interest of the public and the defendant in a trial within the

2   original date prescribed by the Speedy Trial Act.

3       f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4   et seq., within which trial must commence, the time period of January 27, 2021 to April 28,

5   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6   T4], because it results from a continuance granted by the Court at defendant's request on the

7   basis of the Court's finding that the ends of justice served by taking such action outweigh the

8   best interest of the public and the defendant in a speedy trial.

9      4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the

10  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11  must commence.

12     IT IS SO STIPULATED.

13

14  Dated:  January 20, 2021          McGREGOR W. SCOTT
                   United States Attorney

15

16                 /s/ ANGELA SCOTT
                   ANGELA SCOTT

17                 Assistant United States Attorney

18

19  Dated: January 20, 2021

20                 /s/ per email authorization
                   ROGER WILSON

21                 Counsel for Defendant
                   SADOL DIAZ-BELTRAN

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME      4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

       IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 28, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

  Dated:  __January 21, 2021__          ___/s/ *Barbara A. McAuliffe*___
                                   UNITED STATES MAGISTRATE JUDGE