PHILLIP A. TALBERT
United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>RUBEN CORTEZ-ROCHA,<br>JOSE LOZANO,<br> aka "Junior"<br>SADOL DIAZ-BELTRAN, and<br>RICARDO ZEPEDA-NAVARRO<br><br>                              Defendants. | CASE NO.  1:18-CR-00246 DAD-BAM<br><br>STIPULATION REGARDING STATUS CONFERENCE REGARDING DEFENDANT SADOL DIAZ; AND ORDER<br><br>CURRENT DATE: October 12, 2022<br>COURT: Hon. Barbara A. McAuliffe<br><br>PROPOSED DATE: December 14, 2022<br>COURT: Hon. Barbara A. McAuliffe |

## **STIPULATION**

This case is set for status conference on October 12, 2022, jury trial on March 28, 2023, and a trial confirmation hearing on February 13, 2023 as to defendant Sadol Diaz-Beltran.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2

1  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

**STIPULATION**

5      Plaintiff United States of America, by and through its counsel of record, and defendant SADOL

6  DIAZ, by and through defendant's counsel of record, Roger Wilson, hereby stipulate as follows:

7      1.      By previous order, this matter was set for status on October 12, 2022.

8      2.      By this stipulation, defendants now move to continue the status conference until

9  December 14, 2022.  Time is currently excluded until the March 28, 2023 trial date, under Local Code

10  T4.  *See* Doc. No. 217.

11      3.      The parties agree and stipulate, and request that the Court find the following:

12          a)      The government has represented that the discovery associated with this case

13  includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many

14  of which are in a foreign language.  This discovery has been produced directly to counsel.

15          b)      Counsel for defendant desires additional time to consult with his client, to review

16  the current charges, to conduct investigation and research related to the charges, to review and

17  copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial

18  motions, and to otherwise prepare for trial.

19          c)      Counsel for defendant believes that failure to grant the above-requested

20  continuance would deny them the reasonable time necessary for effective preparation, taking into

21  account the exercise of due diligence.

22          d)      The government does not object to the continuance.

23  IT IS SO STIPULATED.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          3
PERIODS UNDER SPEEDY TRIAL ACT

1    Dated:  October 5, 2022                              PHILLIP A. TALBERT
                                                          United States Attorney

2

3                                                         /s/ LAURA JEAN BERGER
                                                          LAURA JEAN BERGER
4                                                         Assistant United States Attorney

5

6    Dated: October 5, 2022
                                                          /s/ per email authorization
7                                                         ROGER WILSON
                                                          Counsel for Defendant
8                                                         SADOL DIAZ-BELTRAN

9

10

11                                  **ORDER**

12       IT IS SO ORDERED that the status conference is continued from October 12, 2022, to

13   **December 14, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.   Time was

14   previously excluded through March 28, 2023.

15

16   IT IS SO ORDERED.

17

     Dated:   **October 5, 2022**              /s/ Barbara A. McAuliffe
18                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME              4
PERIODS UNDER SPEEDY TRIAL ACT