**ROGER D. WILSON SBN: 192207**
LAW OFFICE OF ROGER D. WILSON
2300 Tulare Street, Suite 115
Fresno, California 93721
Telephone: (559) 233-4100
Facsimile: (559) 746-7200
Email: roger@wilson-law.com

Attorney for Defendant SADOL DIAZ-BELTRAN

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SADOL DIAZ-BELTRAN,<br><br>Defendant. | Case No.: **1:18-CR-00246 DAD-BAM**<br><br>STIPULATION REGARDING STATUS CONFERENCE REGARDING DEFENDANT SADOL DIAZ; ORDER<br><br>Current Date: December 14, 2022<br>Court: Hon. Barbara A. McAuliffe<br><br>Proposed Date: February 8, 2023<br>Court: Hon. Barbara A. McAuliffe |

### STIPULATION

This case is set for status conference on December 14, 2022, jury trial on March 28, 2023, and a trial confirmation hearing on February 13, 2023 as to defendant SADOL DIAZ-BELTRAN. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health



---
[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  concerns related to COVID-19.

2      Although the General Orders address the district-wide health concern, the Supreme
3  Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s]
4  substantive openendedness with procedural strictness," "demand[ing] on-the-record findings"
5  in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-
6  record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any
7  such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d
8  1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance
9  must set forth explicit findings on the record "either orally or in writing").

10      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both
11  mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific
12  supplementation. Ends-of-justice continuances are excludable only if "the judge granted such
13  continuance on the basis of his findings that the ends of justice served by taking such action
14  outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §
15  3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the
16  record of the case, either orally or in writing, its reason or finding that the ends of justice served
17  by the granting of such continuance outweigh the best interests of the public and the defendant
18  in a speedy trial." *Id.*

19      The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7)
20  (Local Code T4). Although the Speedy Trial Act does not directly address continuances
21  stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to
22  order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-
23  week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,*
24  644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the
25  trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329
26  (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist
27  attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more
28  enduring, barrier to the prompt proceedings mandated by the statutory rules.



In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## **STIPULATION**

Defendant SADOL DIAZ-BELTRAN, by and through his counsel of record, Roger D. Wilson, and Plaintiff United States of America, by and through its counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 14, 2022.

2. By this stipulation, defendants now move to continue the status conference until February 8, 2023.  Time is currently excluded until the March 28, 2023, trial date, under Local Code T4.  *See* Doc. No. 217.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many of which are in a foreign language.  This discovery has been produced directly to counsel.

   b) Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

d) The government does not object to the continuance.

IT IS SO STIPULATED.

Dated: December 8, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ Jessica Massey
JESSICA MASSEY
Assistant United States Attorney

Dated: December 8, 2022

/s/ Roger D. Wilson
ROGER WILSON
Counsel for Defendant
SADOL DIAZ-BELTRAN

## **ORDER**

IT IS SO ORDERED that the status conference is continued from December 14, 2022, to **February 8, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time was previously excluded through March 28, 2023.

IT IS SO ORDERED.

Dated:   **December 8, 2022**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

